**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| RONALD D. THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-2674-JAR-JPO |
| ) | |
| ARAMARK INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This employment discrimination suit is before the Court on Plaintiff Ronald Thompson's Motion for Review (Doc. 8) of Magistrate Judge O'Hara's Order denying appointment of counsel.[1] Judge O'Hara explained in his decision that there is no constitutional right to appointed counsel in civil cases and, after considering the applicable standards, determined that appointment of counsel was not appropriate in this case.

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order. With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[2] "The clearly erroneous standard applies to factual findings, and 'requires that the reviewing court affirm unless it on the entire evidence is left with

---

[1]Doc. 7.

[2]*First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

the definite and firm conviction that a mistake has been committed.'"[3]

Judge O'Hara properly considered the relevant factors applicable in determining whether counsel should be appointed in a civil case and found that Plaintiff is capable of presenting his case without the aid of counsel, especially considering the liberal standards governing pro se filings.[4]  Judge O'Hara reviewed Plaintiff's Complaint and determined that the claims involve relatively simple facts that Plaintiff is capable of explaining to the Court.  While the Court appreciates Plaintiff's efforts to contact three more attorneys to represent him, it nonetheless cannot find that Judge O'Hara's Order denying appointment of counsel in this matter is clearly erroneous or contrary to the law.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Review (Doc. 8) is **denied**.

Dated: January 6, 2012

                                                    S/ Julie A. Robinson
                                                   JULIE A. ROBINSON
                                                   UNITED STATES DISTRICT JUDGE

---

[3]*McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE § 3069, at 355 (2d ed. 1997) and quoting *Ocelot Oil*, 847 F.2d at 1464) (internal quotation marks omitted).

[4]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).