### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RONALD THOMPSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v.                           ) | Case No. 11-2674-JAR |
| ) | |
| ) | |
| **ARAMARK, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### MEMORANDUM AND ORDER

Plaintiff, proceeding *pro se*, filed the Complaint in this matter on December 14, 2011. He was granted leave to proceed *in forma pauperis* and Magistrate Judge O'Hara directed Plaintiff to provide the addresses of all named defendants to the Clerk of Court by no later than December 28, 2011. On May 8, 2012, Magistrate Judge O'Hara issued a Notice and Order to Show Cause why this case should not be dismissed without prejudice for failure to serve the Complaint and summons within 120 days under Fed. R. Civ. P. 4(m). Also on May 8, Plaintiff delivered the addresses for service of summons to the Clerk's Office and summons issued. The summons were returned executed, showing service on May 10, 2012, more than 120 days after the Complaint was filed.

Under Fed. R. Civ. P. 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court has broad discretion to allow an extension of time for service, even if the plaintiff has

not shown good cause.[1] Good cause "serves merely as an exception to the general provision by delineating a situation in which an extension of time is *mandatory*."[2]

When considering a plaintiff's failure to timely affect service under 4(m), the Court is nonetheless required to determine first whether plaintiff must be given an extension of time because he has shown good cause.[3] Inadvertence and neglect are not considered good cause for untimely service.[4] And the Court is cognizant that a *pro se* litigant is still required to comply with Fed. R. Civ. P. 4.[5] Plaintiff contends in his response that the delay in serving defendant was due to his attempts to obtain retained counsel in this matter and to determine the correct addresses for service. He also states that he was told by the Clerk's Office and by various counsel with whom he conferred that he had 180 days, rather than 120 days, to affect service. But the rules make clear that the deadline is 120 days and Plaintiff's status as a *pro se* litigant does not excuse compliance with the rule. Furthermore, he failed to comply with Judge O'Hara's directive to provide the Clerk's Office with Defendants' addresses by December 28, 2011, which would have allowed summons to issue on time. The Court cannot find that Plaintiff's ignorance of the rules constitutes good cause for failing to timely serve Defendants.

The Court must therefore determine whether the case should be dismissed without prejudice or whether a permissive extension of time should be granted. The Court is to consider several factors that include (1) whether the applicable statute of limitations would bar the refiled

---

[1] Fed. R. Civ. P. 4(m); *Espinoza v. United States*, 52 F.3d 838, 840–41 (10th Cir. 1995).

[2] *Espinoza*, 52 F.3d at 841 (citation omitted).

[3] *Id.*

[4] *In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996).

[5] *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993).

not shown good cause.[1] Good cause "serves merely as an exception to the general provision by delineating a situation in which an extension of time is *mandatory*."[2]

When considering a plaintiff's failure to timely affect service under 4(m), the Court is nonetheless required to determine first whether plaintiff must be given an extension of time because he has shown good cause.[3] Inadvertence and neglect are not considered good cause for untimely service.[4] And the Court is cognizant that a *pro se* litigant is still required to comply with Fed. R. Civ. P. 4.[5] Plaintiff contends in his response that the delay in serving defendant was due to his attempts to obtain retained counsel in this matter and to determine the correct addresses for service. He also states that he was told by the Clerk's Office and by various counsel with whom he conferred that he had 180 days, rather than 120 days, to affect service. But the rules make clear that the deadline is 120 days and Plaintiff's status as a *pro se* litigant does not excuse compliance with the rule. Furthermore, he failed to comply with Judge O'Hara's directive to provide the Clerk's Office with Defendants' addresses by December 28, 2011, which would have allowed summons to issue on time. The Court cannot find that Plaintiff's ignorance of the rules constitutes good cause for failing to timely serve Defendants.

The Court must therefore determine whether the case should be dismissed without prejudice or whether a permissive extension of time should be granted. The Court is to consider several factors that include (1) whether the applicable statute of limitations would bar the refiled

---

[1] Fed. R. Civ. P. 4(m); *Espinoza v. United States*, 52 F.3d 838, 840–41 (10th Cir. 1995).

[2] *Espinoza*, 52 F.3d at 841 (citation omitted).

[3] *Id.*

[4] *In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996).

[5] *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993).

action and (2) whether Defendants have been prejudiced by the delay of service.[6] One of Plaintiff's claims would be barred if the case is dismissed. His claims are brought under Title VII and 42 U.S.C. § 1981 for race discrimination when he was terminated in September 2010. He attached his EEOC right to sue letter to the Complaint, which was issued on September 28, 2011. Under Title VII, Plaintiff is required to sue within 90 days after receiving notice of his right to sue.[7] Plaintiff waited until almost 90 days passed to file the Complaint on December 14, 2011. The Court also finds that there is no indication in the record that Defendants were aware of this suit until May 10, 2012, so there is no evidence that they have been prejudiced by the several-week delay in service. The Court exercises its discretion in this matter and allows Plaintiff an additional period of time to execute service.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is allowed an additional period of time, up to May 10, 2012, to serve Defendants with summons and the Complaint.

Dated: May 18, 2012

                 S/ Julie A. Robinson

                 JULIE A. ROBINSON

                 UNITED STATES DISTRICT JUDGE

---

[6] *Espinoza*, 52 F.3d at 842; *Spiess v. Meyers*, 483 F. Supp. 2d 1082, 1097 (D. Kan. 2007) (citations omitted).

[7] 42 U.S.C. § 2000e-5(f)(1).